THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WALTER LEE SPINNIE, Defendant-Appellant.

(No. 71-85;

Fifth District—October 3, 1972.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, for appellant.

Don P. Koeneman, State's Attorney, of Chester, for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from a judgment of the trial court of Randolph County revoking probation granted to him on his plea of guilty to the crime of forging a check in the amount of $14.25 in violation of Ill. Rev. Stat., ch. 38, par. 17—3 (a) (1), on August 27, 1970.

Defendant argues that the trial court abused its discretion in revoking his probation and that, in any event, a sentence of two to five years for the offense of forgery was excessive.

■■ Although the question is a close one, we are unable to say that the trial court abused its discretion in revoking defendant's probation. However, we believe defendant's contention with reference to the length of sentence is well taken.

After the trial judge had announced that he was revoking defendant's probation, the chief probation officer of the 20th Circuit, without any verification was permitted to recite into the record that the defendant had been incarcerated for several offenses, and then the following transpired:

"By the Court: What was that last sentence?

Mr. Lacquet: One to five.

By the Court: For what crime?

Mr. Lacquet: For burglary. At the age of 25, in Perry County, seven months at Vandalia for attempted escape and auto theft.

Mr. Gandy: I disagree with that last one. I happened to represent Mr. Spinnie. There was no auto theft charge. The auto theft charge, your Honor, was dismissed. He was incarcerated on a charge of auto theft, but he was not convicted of auto theft.

Mr. Lacquet: Then seven months for attempted escape. This is all I got from Don Johnson.

Mr. Gandy: The records cannot be accurate.

By the Court: That's sufficient. I understand your point Mr. Spinnie, you have anything you wish to say before the Court imposes sentence in this case?

Defendant Spinnie: No."

■■ Under the circumstances of this case, we believe there should be a substantial reduction in defendant's sentence. We therefore modify the sentence imposed, reducing the minimum from two years to one year and the maximum from five years to three years.

Judgment affirmed as modified.

EBERSPACHER and CREBS, JJ., concur.